WETHERELL, J.,
dissenting.
I agree with the majority that the trial court properly dismissed the false arrest *931 and malicious prosecution claims against Appellees in the first amended complaint. However, unlike the majority, I do not see any way the pleading deficiency that led to the dismissal of those claims can be cured because the Offense Report (which was an exhibit to both the first amended complaint and the proposed second amended complaint[1]) clearly establishes that there was probable cause for Appellees to arrest Appellant for grand theft. Additionally, although it is a closer question, I am not persuaded that Appellant will be able to state legally-sufficient claims against Ap-pellees for abuse of process or invasion of privacy in light of the facts alleged in the proposed second amended complaint and reflected elsewhere in the record.
Accordingly, I would affirm the trial court’s order denying Appellant’s motion to file the proposed second amended complaint, the effect of which was to dismiss the claims-against Appellees with prejudice. Alternatively, I would only reverse the trial court’s order insofar as it denied Appellant any opportunity to allege the abuse of process and invasion of privacy claims raised for the first time in the proposed second amended complaint. Because the majority opinion reverses the denial of the motion to amend and remands without any limitations on the claims that may be alleged, I respectfully dissent.

. The majority opinion is technically correct when it states that the report was not attached to the proposed second amended complaint. However, the report was specifically identified as an exhibit to that pleading. Accordingly, it was proper for the trial court to consider the information in the report in determining whether to allow Appellant to file the proposed second amended complaint and in evaluating the legal sufficiency of that pleading.